IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON FEKRAT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>THE GEO GROUP, INC., et al.,<br><br>Defendants.<br>_____/ | CASE No. 1:12-cv-01940-AWI-MJS<br><br>FINDINGS AND RECOMMENDATION DENYING DEFENDANTS' MOTION TO DISMISS ACTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AND FAILURE TO STATE A CLAIM<br><br>(ECF No. 6, 12)<br><br>OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS |

I.  **PROCEDURAL HISTORY**

Plaintiff Ron Fekrat, a former federal prisoner at the Taft Correctional Institution ("TCI") initiated this action on October 10, 2012 in Kings County Superior Court.[1] (Notice or Removal, ECF No. 1, Ex. A.) In it he seeks money damages from Defendant, The Geo Group, Inc., ("GEO"), an operator of TCI under contract with the United States. He asserts general negligence and premises liability for failure to provide safe and habitable prison based on his contraction of Valley Fever[2] at TCI.

Defendant GEO, along with Defendant Management and Training Corporation, ("MTC"), an operator of TCI pursuant to contract with the United States, removed the

---

[1] Ron Fekrat, an individual v. The GEO Group, Inc., a corporation of unknown origin; and DOES 1-50, S-1500-CV-277856 SPC.

[2] Also known as Coccidioidomycosis.

-1-

matter to this Court on November 26, 2012, based upon diversity jurisdiction under 28 U.S.C. § 1441(b). (Notice of Removal at ¶¶ 3-4.)

Defendant GEO filed a Motion to Dismiss this action on December 3, 2012, asserting Plaintiff failed to (1) exhaust administrative remedies and (2) state a claim. (Notice of Mot. and Mot. to Dismiss., ECF No. 6, at 1:28-2:4.)

Plaintiff filed Opposition to the Motion to Dismiss on December 20, 2012. (Opp'n to Mot., ECF No. 8.) Defendant GEO filed a Reply on December 27, 2012. (Reply to Opp'n, ECF No. 11.) On December 28, 2012, Defendant MTC joined in the Motion to Dismiss but only as to the failure to exhaust administrative remedies defense. (Notice Joinder Mot. Dismiss., ECF No. 12.)

On January 3, 2013, the District Judge referred the Motion to Dismiss to the undersigned for of findings and recommendation. (Order of Referral, ECF No. 13.)

The Motion to Dismiss is now before the Court.

## II. SUMMARY OF COMPLAINT

Plaintiff alleges:

Plaintiff was incarcerated at TCI in Kern County, California, from June 1, 2010 through November 11, 2010. He had no prior exposure to Valley Fever. Valley Fever is a serious infectious disease contracted by inhalation of an airborne fungus endemic in the soil of Kern County.

Defendant GEO operated TCI during Plaintiff's confinement there. GEO had notice of the risk of harm from Valley Fever. GEO had a duty to provide Plaintiff with safe and habitable place of incarceration and warn him of risks. GEO breached this duty by failing to warn Planitiff of the risk of Valley Fever and failing to protect him from it. GEO's breach of duty caused Plaintiff to contract Valley Fever in October 2010. He now suffers pain and faces a lifetime of medical supervision, treatment, and, in all likelihood, medication.

Plaintiff was released from federal custody on or about September 14, 2012.

## III. LEGAL STANDARD

### A. Failure to State a Claim

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011). In resolving a 12(b)(6) motion, the Court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003–04 (9th Cir. 2006); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Daniels–Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910.

### B. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA") stipulates, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007). "[P]roper exhaustion of administrative remedies is necessary," and "demands compliance with an agency's

1 deadlines and other critical procedural rules . . . ." Woodford v. Ngo, 548 U.S. 81, 90-
2 91 (2006).

3 The California Department of Corrections and Rehabilitation ("CDCR") has an
4 administrative grievance system for prisoner complaints; the process is initiated by
5 submitting a CDCR Form 602. Cal. Code Regs. tit. 15, §§ 3084.1, 3084.2(a). There are
6 four levels of appeal: an informal level, a first formal level, a second formal level, and a
7 third formal level, also known as the "Director's Level." Id. at §§ 3084.5, 3084.6(c).

8 The U.S. Bureau of Prisons ("BOP") has an Administrative Remedy Program,
9 28 C.F.R. § 542.10 et seq., which also provides for multi-level review of issues relating
10 to confinement. Issues that can not be resolved through the BOP Administrative
11 Remedy Program are subject to applicable statutorily mandated procedures such as
12 the Federal Tort Claims Act. 28 C.F.R. § 542.10.

13 The PLRA does not impose a pleading requirement, but rather, is an affirmative
14 defense under which Defendants have the burden of raising and proving the absence
15 of exhaustion. Jones, 549 U.S. at 215; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th
16 Cir. 2003). The failure to exhaust non-judicial administrative remedies that are not
17 jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary
18 judgment motion. Wyatt, 315 F.3d at 1119, citing Ritza v. Int'l Longshoremen's &
19 Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998). In deciding a motion to
20 dismiss for failure to exhaust administrative remedies, the Court may look beyond the
21 pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119–20. If the Court
22 concludes that the prisoner has failed to exhaust administrative remedies, the proper
23 remedy is dismissal without prejudice. Id.

24
25 ////
26 ////
27
28

## IV. ARGUMENTS

### A. Defendants' Argument in Support

#### 1. Failure to State a Claim

Defendant GEO argues that the Complaint's allegations of duty are vague, conclusory and false. GEO had no ownership interest in, or control over, TCI after August 19, 2007, when Defendant MTC took over TCI's management. (Patrick Decl. at ¶ 11.) GEO had no responsibility for the conditions at TCI during the period in which Plaintiff's claims arose. It thus owed Plaintiff no duty under state law with regard to the matters alleged in the Complaint. Isaacs v. Huntington Mem. Hosp., 38 Cal.3d 112, 134 (Cal. 1985) (summary judgment proper in absence of ownership, possession or control of dangerous or defective premises). Plaintiff can not state a cognizable negligence or premises liability claims against GEO where, as here, it had no duty to Plaintiff.

#### 2. Failure to Exhaust Administrative Remedies

Defendants argue the Complaint fails to allege that Plaintiff completed any administrative remedies process. TCI had in place during Plaintiff's incarceration a slightly modified version of the BOP Administrative Remedy Program. (Patrick Decl. at ¶ 4.) Plaintiff did not exhaust those administrative remedies before filing this action. Plaintiff's only TCI appeal relating to contracting Valley Fever was filed on October 18, 2012, and was rejected as untimely. (Patrick Decl. ¶¶ 6-7.)

Plaintiff's failure to exhaust available administrative remedies deprives this Court of jurisdiction. Wright v. State of California, 122 Cal.App.4th 659, 664 (Cal. Ct. App. 2004). The Court should dismiss this action for failure to exhaust TCI administrative remedies.

### B. Plaintiff's Argument in Opposition

#### 1. Failure to State a Claim

Plaintiff argues the Complaint's allegations are sufficient to state cognizable

state law negligence and premises liability against GEO.

By citing to the declaration of MTC employee Patrick which in turn relies on inadmissible hearsay, GEO's argument relies upon evidence beyond the four corners of the underlying pleading.

GEO appears to be in privity with Defendant MTC.

Allowing Defendants to use such extrinsic evidence would convert this motion to one for judgment under Federal Rule of Civil Procedure 56 so that Plaintiff should be allowed to discover and introduce evidence in response. He requests the right to do so particularly with regard to the relationship between GEO and MTC and whether GEO controlled MTC and hence TCI at relevant times.

### 2. Failure to Exhaust

Plaintiff argues there is no administrative exhaustion requirement where, as here, a plaintiff at liberty asserts state law claims against a private entity in federal court under diversity jurisdiction.

The PLRA does not apply because Plaintiff asserts no federal claims and was not a prisoner at the time he filed this action. The Federal Tort Claims Act exhaustion requirement does not apply because the instant state law claims are asserted against a private entity operating a BOP prison. The TCI administrative claim process does not impose a mandatory pre-litigation exhaustion requirement on tort claims. The Wright case, which required a state prisoner bringing a 42 U.S.C. § 1983 action to exhaust the CDCR appeal process pursuant to the parallel PLRA exhaustion requirement, is inapplicable because this is not a Section 1983 action subject to the PLRA.

## V. ANALYSIS

After carefully reviewing the record, the undersigned concludes the Complaint states claims for state law negligence and premises liability and is not barred by failure to exhaust pre-litigation administrative remedies. Defendants' Motion to Dismiss should

be denied.

### A. Failure to State a Claim

The Complaint's allegations, taken, as they must be at this stage of the case, as true and in the light most favorable to Plaintiff, are sufficient to state cognizable claims in state law negligence and premises liability.

The Court, in ruling on a Rule 12(b)(6) motion to dismiss may consider only the underlying pleading, exhibits to it, and properly authenticated matters of which the Court may take judicial notice. Gumataotao v. Dir. of Dep't of Revenue & Taxation, 236 F.3d 1077, 1083 (9th Cir. 2001); Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Defendants have not requested that the Court treat this Motion as one for judgment under Rule 56 and the Court declines to so convert it. Defendants' proffered evidence in opposition shall not be considered on this Rule 12(b)(6) motion.

The Court declines Defendants' request that it take judicial notice of the date MTC took over management of TCI from GEO. The authenticity and admissibility of the web pages reflecting this date and attached to the Patrick Declaration are contested. Fraley v. Facebook, Inc., 830 F.Supp.2d 785, 795 (N.D. Cal. 2001); Fed. R. Evi. 201.

Under California law negligence is stated where a defendant is obligated to conform to a certain standard of conduct to protect others from unreasonable risks (duty); defendant fails to conform to that standard (breach of duty); there is a reasonably close connection between the defendant's conduct and the resulting injuries (proximate cause); and (4) plaintiff suffers actual loss (damages). Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009), quoting McGarry v. Sax, 158 Cal.App.4th 983, 994 (Cal. Ct. App. 2008). The Complaint alleges that, at times relevant, GEO knew or should have known of the risk of Valley Fever at TCI, failed to warn Plaintiff or take measures to reduce the risk and, as a result, Plaintiff contracted Valley Fever and

suffered harm therefrom. (Compl. at ¶¶ 3-25, 28-44.) These allegations, taken as true, are sufficient to state a claim for negligence.

Under California law premises liability, a type of negligence, arises where an owner, occupant, or lessor of premises, under a duty to exercise ordinary care in the use, maintenance, or management of the premises to avoid exposing others to an unreasonable risk of harm, fails to fulfil this duty. 6 Witkin, Summary of California law (10th ed. 2005), Torts § 1085; Rowland v. Christian (1968) 69 Cal.2d 108, 111, superseded by statute as stated in English v. Marin Mun. Water Dist., 66 Cal.App.3d 725 (Cal. Ct. App. 1977). The Complaint's negligence allegations also are sufficient to state a claim for premises liability under the above standard.

**B.     Exhaustion of Administrative Remedies**

Defendants argue that Plaintiff did not exhaust available administrative remedies.

Defendants concede the PLRA's exhaustion requirement does not apply to the instant action. The PLRA applies to actions filed by prisoners over prison conditions under 42 U.S.C. § 1983 or other Federal law. Here, Plaintiff, who was at liberty when he filed this action, asserts only state law claims against a non-public entity. Valdivia v. Co. of Santa Cruz, 2008 WL 4065873 at *3 (N.D. Cal. Aug. 27 2008). The PLRA's exhaustion requirement does not apply to such an action.

Defendants also concede this is not a 28 U.S.C. § 2671 Federal Tort Claims Act ("FTCA") action. Defendants provide no basis for claiming FTCA exhaustion requirements apply to Plaintiff's state law claims against a private entity federal contractor. Jurisdiction under the FTCA is limited to claims against the United States and its employees. 28 U.S.C. § 1346. FTCA claims filing requirements are not applicable to this action.

Wright is not authority for the proposition that following TCI's administrative

1  process is a prerequisite to this action. The TCI administrative claim process does not
2  appear to impose any mandatory pre-litigation exhaustion requirement on tort claims. In
3  <u>Wright</u>  a state prisoner with a 42 U.S.C. § 1983 action was required to exhaust the
4  CDCR appeal process pursuant to the parallel PLRA mandatory exhaustion
5  requirement.  There is no such requirement here. This is not a Section 1983 action
6  subject to the PLRA.

## VI.     CONCLUSIONS AND RECOMMENDATION

Plaintiff's Complaint sufficiently alleges state law negligence and premises liability, and is not barred by failure to exhaust mandatory pre-litigation administrative remedies.

Accordingly, for the reasons stated above the Court RECOMMENDS that Defendants' Motion to Dismiss (ECF No. 6, 12) be DENIED. These Findings and Recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     February 4, 2013               /s/ *Michael J. Seng*
                                           UNITED STATES MAGISTRATE JUDGE